**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge David L. West**

**Criminal Case No. 08-CR-00267-WYD**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1.  NICHOLAS KYLE HERRERA,**
  **Defendant.**

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS**
**FOR ORDER OF DETENTION**
_____

      **THIS MATTER** came before the Court on for a Detention Hearing on November 12, 2010 on a Petition on Violation of Supervised Release and Warrant for Arrest of the Supervised Releasee. Present were the following: Todd Norvell, Assistant United States Attorney, David Greenberg, counsel for the Defendant, and the Defendant. Also present was Erika Coster, Probation/Pretrial Services Officer. The Court heard testimony, reviewed the Pretrial Services' report and heard the arguments of counsel.

      The Petition alleges that on or about September 12, 2010 and October 11, 2010 the Defendant used alcohol to excess and that on or about October 11, 2010, the Defendant was contacted by the Southern Ute Police Department and failed to report the contact to the Probation Officer within 72 hours. During a hearing on November 12, 2010, the Defendant waived his right to a Preliminary Hearing under Rule 32.1 of the Federal of Criminal Procedure. Based upon the facts alleged in the Petition and in light of the Defendant's waiver, the Court finds that probable cause exists to believe that the Defendant violated one or more conditions of his release.

      Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."

      In making my findings of fact, I have taken judicial notice of the information set forth in the Petition on Violation of Supervised Release and entire court file.  I have also considered the

1

testimony presented during the Detention Hearing and the arguments of counsel.

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community.

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that the Defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DATED and ENTERED** this 16th day of December, *nunc pro tunc* to, November 12, 2010.

        **BY THE COURT:**

        **s/David L. West**
        **United States Magistrate Judge**